IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STATE OF KANSAS, ex rel.,**
**DEREK SCHMIDT, ATTORNEY GENERAL,**

    **Plaintiff,**

v.

**GUY NEIGHBORS d/b/a/ ADVOCATES**
**FOR JUSTICE PARALEGAL SERVICE**
**a/k/a ADVOCATES FOR JUSTICE,**

    **Defendant.**

**Case No. 18-4007-DDC-KGS**

## MEMORANDUM AND ORDER REMANDING CASE

Defendant Guy Neighbors, proceeding pro se,[1] filed a Notice of Removal on February 9, 2018, removing an action identified as *State of Kansas v. Guy Neighbors*, No. 2018-CV-000062, filed in the District Court of Shawnee County, Kansas, on January 19, 2018. Docs. 1 at 1; 1-2. In the state court action, plaintiff, the State of Kansas, asserts that, since August 2016, it has been investigating Mr. Neighbors's solicitation and sale of legal services and documents in Kansas for possible violations of the Kansas Consumer Protection Act ("KCPA"). According to the State of Kansas, Mr. Neighbors is neither licensed to practice law in Kansas nor employed or supervised by a licensed attorney. On June 21, 2017, the Kansas Attorney General served Mr. Neighbors with a subpoena duces tecum. Mr. Neighbors has not responded to that subpoena. So, under Kan. Stat. Ann. §§ 50-631(e) and 50-632, the State of Kansas applied to the Shawnee County District Court for a temporary restraining order enjoining Mr. Neighbors from operating,

---

[1] Because Mr. Neighbors proceeds pro se, the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers).

advertising, or otherwise engaging in consumer transactions in Kansas. In response to the State of Kansas's Petition for Temporary Restraining Order, Mr. Neighbors removed the action to our court.

On February 14, 2018, Judge Sebelius ordered Mr. Neighbors to show cause why the court should not remand this case promptly for lack of federal subject matter jurisdiction. Doc. 4. Mr. Neighbors responded to the court's Order to Show Cause (Doc. 8), but his filing fails to demonstrate any plausible basis for subject matter jurisdiction. The court thus remands the case *sua sponte* to the District Court of Shawnee County, Kansas, for the same reasons explained in Judge Sebelius's Order to Show Cause (Doc. 4), which the court incorporates here by this reference—as well as the reasons explained below.[2]

Title 28 U.S.C. § 1447(c) requires a federal district court to remand a lawsuit if "at any time before final judgment it appears that that district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Green Tree Fin. Corp. v. Arndt*, 72 F. Supp. 2d 1278, 1283 (D. Kan. 1999) ("[A] district court may remand an action on its own accord at any time if subject matter jurisdiction is lacking."). A defendant in a state court civil action may remove the case to federal court if the plaintiff originally could have filed the action in federal court. 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant"). "'This jurisdictional prerequisite to removal is an absolute, non-waivable requirement.'" *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996)).

---

[2] On March 8, 2018, the State of Kansas filed a Motion to Remand (Doc. 9). It asserts that the court lacks subject matter jurisdiction over this action for many of the same reasons that Judge Sebelius identified in his Order to Show Cause. Because the court remands this case *sua sponte*, the State of Kansas's Motion to Remand is moot.

2

Here, Mr. Neighbors fails to explain why his removal was proper under 28 U.S.C. § 1441(a).  Two federal statutes confer subject matter jurisdiction on federal district courts: federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332.  For a federal court to have federal question jurisdiction over a lawsuit, the plaintiff must assert a "civil action[] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  For a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000, and complete diversity of citizenship must exist between all plaintiffs and all defendants.  28 U.S.C. § 1332(a).

Mr. Neighbors fails to establish that his removal of this lawsuit was proper based on federal question jurisdiction under 28 U.S.C. § 1331.  To determine whether a claim "arises under" federal law for purposes of establishing federal question jurisdiction, federal courts follow the "well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 392.  This rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

The Tenth Circuit has held that an action to enjoin the unauthorized practice of law does not implicate a federal district court's federal question jurisdiction.  *New Mexico ex rel. Stein v. W. Estate Servs., Inc.*, 139 F. App'x 37, 38 (10th Cir. 2005); *see also Kansas ex rel. Kline v. Price*, No. 06-4082-JAR, 2006 WL 2795492, at *1 (D. Kan. Sept. 26, 2006) (holding that a Petition filed by the State of Kansas to enjoin defendant from the unauthorized practice of law did not arise under federal law sufficient to implicate federal question subject matter jurisdiction).  Kansas courts "'repeatedly [have] recognized the actions of counseling and advising clients on their legal rights and rendering services requiring knowledge of legal

3

principles to be included within the definition of practicing law.'" *McCormick v. City of Lawrence*, 253 F. Supp. 2d 1156, 1161 (D. Kan. 2003) (quoting *State ex rel. Stovall v. Martinez*, 996 P.2d 371, 376 (Kan. Ct. App. 2000)). And, in Kansas, the Attorney General may bring an action to enjoin a non-attorney from engaging in the unauthorized practice of law. *Id.* In *McCormick*, the court explained that the Attorney General also may assert a claim against a non-attorney under the KCPA based on representations that the non-attorney has made to consumers because those representations can violate the KCPA. *Id.*

Here, the State of Kansas filed a Petition for Temporary Restraining Order in the Shawnee County District Court asserting that Mr. Neighbors is violating the KCPA's consumer transaction protections by offering unauthorized legal services to Kansas consumers. The Petition specifically cites the KCPA, and it seeks an order under Kansas law restraining Mr. Neighbors from engaging in consumer transactions (as the KCPA defines that term) in Kansas. Doc. 1-2 at 1–2. Because the Petition thus seeks to enjoin Mr. Neighbors from engaging in consumer transactions under Kansas law, it asserts a claim under Kansas law—not federal law. And so, this court has no jurisdiction under 28 U.S.C. § 1331.

Mr. Neighbors's assertion of purported federal defenses or counterclaims to the state court action provide no basis for federal question jurisdiction. In the Notice of Removal, Mr. Neighbors alleges that he is a fraud victim and that he has sustained violations of his constitutional rights and other rights established by federal law. Doc. 1 at 3. Mr. Neighbors also asserts the "state consumer fraud claim" asserts a federal question because this claim involves his use of the internet. But he cites no legal authority to support his assertion. As Judge Sebelius already explained in his Order to Show Cause, Mr. Neighbors's assertions of federal defenses are insufficient to create federal question jurisdiction. *See Caterpillar*, 482 U.S. at 393 (stating that

4

"it is now settled law that a case may not be removed to federal court on the basis of a federal defense"); *see also Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006) (explaining that "[n]either the plaintiff's anticipation of a federal defense nor the defendant's assertion of a federal defense is sufficient to make the case arise under federal law."). There is one exception to this rule: in 28 U.S.C. § 1443. This provision allows removal to federal court when the removing party seeks redress for an alleged violation of a right to racial equality that is unenforceable in state court. *Hunt*, 427 F.3d at 727 (noting the exception found in § 1443 but concluding that the statute did not apply to defendant's notice of removal). Mr. Neighbors's Notice of Removal asserts that the State of Kansas is harassing him because of his race. But nothing in his Response to the court's Order to Show Cause addresses § 1443's exception or explains how a violation of a right to racial equality is unenforceable in Kansas state court.

Mr. Neighbors also fails to assert that removal is proper under 28 U.S.C. § 1332, commonly called diversity jurisdiction. For a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000, and complete diversity of citizenship must exist between all plaintiffs and all defendants. 28 U.S.C. § 1332(a). Kansas is not a citizen for purposes of diversity jurisdiction. *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894). Judge Sebelius already explained this rule in his Order to Show Cause and identified the evident shortcomings of a removal based on this theory of jurisdiction. Doc. 4 at 3. Complete diversity does not exist here.

Mr. Neighbors makes one final argument in his Response to the Show Cause Order: He argues that the court has jurisdiction because the federal district court is the "only 'Common Law Court of Record.'" Doc. 8 at 1. But federal courts "are not general common-law courts and do not possess a general power to develop and apply their own rules of decision." *City of*

*Milwaukee v. Ill. & Mich.*, 451 U.S. 304, 312 (1981) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).  Thus, Mr. Neighbors's assertion that this court is a "Common Law Court of Record" is unfounded, and it provides no basis for federal subject matter jurisdiction.

In sum, Mr. Neighbors fails to establish that subject matter jurisdiction exists in this case. Because the court lacks subject matter jurisdiction, 28 U.S.C. § 1447(c) requires the court to remand the action to state court.

**IT IS THEREFORE ORDERED BY THE COURT** that this case, *sua sponte*, is remanded to the District Court of Shawnee County, Kansas.  All pending motions are moot.

**IT IS SO ORDERED.**

**Dated this 12th day of March, 2018, at Topeka, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**